IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROCIO R., <br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, <br> Defendant. | § <br> § <br> § <br> §     No. 3:24-CV-2917-BW <br> § <br> § <br> § <br> § |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Rocio R. ("Plaintiff"), proceeding pro se, brings this action pursuant to the Social Security Act (the "Act"), apparently seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), finding that she was no longer disabled. (*See* Dkt. No. 3.) The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g) and 1383(c), and the undersigned proceeds with the parties' consent in accordance with 28 U.S.C. § 636(b) and Special Order No. 3-350. (*See* Dkt. Nos. 8, 13.)

On April 11, 2025, the Commissioner filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), for failure to state a claim upon which relief can be granted. (*See* Dkt. No. 22 ("Motion" ("Mot.")).) Despite warnings from the Court (*see* Dkt. Nos. 23, 25) and extension of deadlines, Plaintiff failed to file a meaningful response to the motion. Accordingly, the Motion is ripe for consideration. After considering the pleadings, briefs, and administrative record, the Court **GRANTS** Defendant's Motion (Dkt. No. 22).

# I. BACKGROUND

## A. Administrative Proceedings

Plaintiff was initially found disabled as of February 19, 2003. (Tr. 455.) The agency subsequently reviewed Plaintiff's disability in August 2015 and found that her disability continued. (Tr. 441-42, 490.) In October 2018, the agency again reviewed Plaintiff's disability and concluded that she was no longer disabled as of October 2018. (Tr. 455, 491-94.) Plaintiff requested reconsideration (Tr. 497-501), and a disability officer held a hearing and issued a decision on September 9, 2019 (Tr. 510-33). Plaintiff requested a hearing before an Administrative Law Judge (the "ALJ") (Tr. 537, 540-43) and attended an administrative hearing on May 5, 2021 (Tr. 348-75). An ALJ issued an unfavorable decision on July 21, 2021, concluding that Plaintiff's disability ended on October 3, 2018, and that she had not become disabled again since that date. (Tr. 459-75.) Plaintiff requested review, and on January 21, 2022, the Appeals Council remanded Plaintiff's claim to an ALJ. (Tr. 483-89.) On October 4, 2023, an ALJ issued a second unfavorable decision finding that Plaintiff's disability ended on October 1, 2018, and she had not become disabled again since that date. (Tr. 236-53.) On March 11, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's October 4, 2023 decision the Commissioner's final decision for purposes of judicial review. (Tr. 222-27.)

## B. District Court Proceedings

On March 20, 2024, Plaintiff filed a complaint in this Court in a different matter, attaching the Appeals Council's March 11, 2024 notice denying review. *See*

Case No. 3:24-CV-683-BJ (Dkt. No. 3) (the "First Complaint"). On July 15, 2024, U.S. Magistrate Judge Jeffrey Cureton dismissed Plaintiff's case for failure to comply with Court orders requiring that Plaintiff file a brief. *See id*. (Dkt. Nos. 17, 18). On July 18, 2024, Plaintiff asked for an extension on her case, but the Court denied Plaintiff's motion on July 19, 2024, noting that Plaintiff had a pattern of failing to comply with the Court's orders. *See id.* (Dkt. Nos. 19, 20).

On August 13, 2024, Plaintiff filed a second complaint in this Court, indicating that she wanted to open her case again. *See* Case No. No. 3:24-CV-2063-BJ (Dkt. No. 3) (the "Second Complaint"). On September 3, 2024, the Commissioner filed a motion to dismiss, seeking dismissal of Plaintiff's complaint because it was not timely filed within 60 days of receipt of the Appeals Council's March 11, 2024, notice denying review. *See* Case No. 3:24-CV-02063 (Dkt. No. 12). On November 7, 2024, the Court converted the Commissioner's motion to dismiss to a motion for summary judgment, granted summary judgment, and dismissed Plaintiff's complaint with prejudice. *See id*. (Dkt. Nos. 17, 18).

Plaintiff filed her complaint the instant case on November 20, 2024, stating that she is "open[ing] up [her] case" because she "need[s] disability for [her] doctor for medicine and [her] mental health therapies." (*See* Dkt. No. 3 ("Complaint" ("Compl.")).) To her Complaint, Plaintiff attached a fully favorable disability decision dated February 24, 2005, finding that she became disabled as of February 19, 2003. (*See* Compl. at 2-15.) But Plaintiff failed to mention the unfavorable decision dated October 4, 2023, finding that her disability ended on October 1, 2018,

3

and she had not become disabled again since that date.  (*See* Tr. 236-53.)

On January 15, 2025, the Commissioner filed a copy of Plaintiff's Social Security Administration ("SSA) administrative record, comprising 1,747 pages of administrative decisions, hearing transcripts, and medical records.  (*See* Dkt. Nos. 11-1-11-10 ("Transcript ("Tr.").)  After filing her complaint, Plaintiff filed additional medical records with the Court, most of which appear to be duplicative of medical records contained in the administrative record.  (*See* Dkt. Nos. 17, 19, 21, 26.)  As noted above, Plaintiff has not filed a response to the instant motion despite orders from the Court to do so.  (*See* Dkt. Nos.  23, 25.)

## II.  LEGAL STANDARDS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "'A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking at the substance of the pleadings and any judicially noticed facts.'"  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)).

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same legal standard as a motion to dismiss under Rule 12(b)(6)."  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted).  In deciding a motion for judgment on the pleadings, the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the

plaintiff[s].'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted).

To survive a motion for judgment on the pleadings, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal punctuation & citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

While courts liberally construe the pleadings of a pro se party, "even a liberally-construed pro se . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988). "Conclusory allegations or legal conclusions masquerading as factual

5

conclusions will not suffice[.]" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

"Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins*, 224 F.3d at 498-99 (quotations omitted); *accord Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir.2003). Attachments falling under these categories may be properly considered without converting the motion to dismiss into a motion for summary judgment. *See Benchmark Electronics*, 343 F.3d at 725.

### III. ANALYSIS

**A.    Plaintiff's complaint was not timely filed.**

A claimant seeking judicial review of an adverse determination of an application for benefits under the Social Security Act must institute a civil action within 60 days after receiving notice of the Commissioner's final decision. 42 U.S.C. § 405(g). Failure to timely file a civil action for judicial review constitutes grounds for dismissal. *Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000); *Flores v. Sullivan*, 945 F.2d. 109 (5th Cir.1991). To allow for receipt of notice, governing Fifth Circuit law and the Commissioner's own regulations presume receipt of notice by the claimant five days after the date of such decision. *Fletcher*, 210 F.3d at 513; 20 C.F.R. § 422.210(c) (2003).

> In addition, 42 U.S.C. § 405(h) states:
>
>> The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Section 405(h) further provides that § 405(g), to the exclusion of the federal jurisdiction statute, is the sole avenue for judicial review of claims arising under the Social Security Act. *See Heckler v. Ringer*, 466 U.S. 602, 614-615, 627 (1984); *Mathews v. Eldridge*, 424 U.S. 319, 327 (1976). Further, under the doctrine of sovereign immunity, all requirements for judicial review as set forth in the statute must be satisfied. *See United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Testan*, 424 U.S. 392, 399 (1976).

Thus, the only civil action that an individual may bring on any claim arising under Title XVI of the Act is an action to review the Commissioner's final decision made after a hearing, and the individual must commence that action within 60 days after receiving notice of the Commissioner's final decision or within such further time as the Commissioner allows. *See* 20 C.F.R. §§ 416.1401, 416.1481, 416.1482. As the Supreme Court explained:

> [A]n interpretation that would allow [an individual] judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in section 205(g), to impose a 60-day limitation upon judicial review of the [Commissioner's] final decision on the initial claim for benefits.

7

*See Califano v. Sanders*, 430 U.S. 99, 108 (1977). The 60-day limitation also serves a practical function by allowing Congress "to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of N.Y.*, 476 U.S. 467, 481 (1986).

Furthermore, the United States Court of Appeals for the Fifth Circuit has repeatedly upheld a district court's dismissal of a civil action filed after the 60-day time limitation, even in cases filed just a few days late. *See, e.g.*, *Fletcher*, 210 F.3d at 513 (one day); *Flores v. Sullivan*, 945 F.2d 109, 111-13 (5th Cir. 1991) (eight days); *Thibodeaux ex rel. Thibodeaux v. Bowen*, 819 F.2d 76, 79 (5th Cir. 1987) (two days). Here, Plaintiff filed her Complaint on November 20, 2024—approximately 254 days after the Appeals Council's March 11, 2024 Notice. Because Plaintiff did not file her Complaint in the current civil action within 60 days after the presumptive receipt of the March 11, 2024, Appeals Council's Notice (Tr. 222-27), Plaintiff's Complaint fails to state a claim upon which relief can be granted, and her Complaint should be dismissed. *See* Fed. R. Civ. P. 12(c); *Triplett v. Heckler*, 767 F.2d 210, 211-12 (5th Cir. 1985).

**B.    Plaintiff has not shown any basis to justify equitable tolling of the statutory time limit set forth in 42 U.S.C. § 405(g).**

Despite the 60-day period of limitation specified in 42 U.S.C. § 405(g), the Commissioner can nevertheless toll the period. *See Bowen*, 476 U.S. at 480 ("Congress . . . express[ed] its clear intention to allow tolling in some cases."). Thus, a plaintiff may seek an extension of the 60-day limitations period from the Appeals

8

Council upon a showing of "good cause." 20 C.F.R. §§ 404.911, 404.982, 416.1411, 416.1482, 422.210(c). But there is a second path to equitable tolling for a plaintiff who either is denied an extension by the Appeals Council or fails to seek one. "While in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 480 (quoting *Mathews*, 424 U.S. at 330).

Because the deadline for filing is nonjurisdictional, the burden now shifts to Plaintiff to demonstrate facts that justify equitable tolling of the limitations period. *See Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 489 (5th Cir. 2016). This is a heavy burden, as "[f]ederal courts have typically extended equitable relief only sparingly." *Michael P v. Kijakazi*, No. 1:21-CV-00224-BU, 2022 WL 4939577, at *7 (N.D. Tex. Sept. 19, 2022) (quoting *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990)). This is particularly true in Social Security cases, as the Commissioner himself has the authority to "make the determination whether it is proper to extend the period within which review must be sought." *Reed v. Berryhill*, No. SA-18-CV-00237-XR, 2018 WL 5269377, at *3 (W.D. Tex. Oct. 23, 2018) (quoting *Bowen*, 476 U.S. at 480), *adopted*, 2018 WL 6790644 (W.D. Tex. Dec. 3, 2018); *see* 42 U.S.C. § 405(g) (setting deadline to file suit within 60 days of notice of the Commissioner's decision "or within such further time as the Commissioner . . . may allow"); 20 C.F.R. § 422.210 (2020) (reiterating 60 day deadline, "except that this time may be

extended by the Appeals Council upon a showing of good cause").

In Social Security cases, the Court "may apply the doctrine of equitable tolling to extend the statute of limitations where the claimant (i) was unaware that there had been a violation giving rise to a claim, (ii) rebutted the presumption that notice of the Appeals Council denial was received within five days, (iii) received conflicting information about the filing deadline, or (iv) was unable to comprehend the appeal process because of an impediment." *Robison v. Comm'r of Soc. Sec. Admin.*, No. 9:19-CV-0037, 2019 WL 2745644, at *2 (E.D. Tex. July 1, 2019) (citations omitted). Although Plaintiff failed to file a response to the Motion, nothing in the record suggests that any of these grounds are relevant here. There is nothing in the record to support a claim that Plaintiff was "unaware" of any violation that would give rise to her claim—she indisputably received the ALJ's determination, given that she challenged it before the Appeals Council and before this Court. Nor is there any basis to rebut the presumption of five-day receipt for notice of the Appeals Council's decision, as Plaintiff attached the Appeals Council's notice denying review to her First Complaint. *See* Case No. 3:24-cv-683-BJ (Dkt. No. 3). Additionally, there is noting in the record to indicate that Plaintiff received conflicting information about the filing deadline. Finally, it does not appear that Plaintiff was unable to comprehend the appeal process because of any impediment as evidenced by her timely filing of her First Complaint. Accordingly, there are no extraordinary circumstances here that would justify application of a traditional equitable tolling principle to extend the period. And absent equitable tolling, Plaintiff's complaint is

untimely.

Furthermore, the fact that Plaintiff timely filed an appeal in Case No. 3:24-CV-683-BJ does not toll the 60-day period in this case. As noted above, that case was dismissed without prejudice due to Plaintiff's failure to comply with court orders. *See* Case No. 3:24-cv-683-BJ (Dkt. Nos. 17, 18). But the dismissal of Plaintiff's First Complaint was not without repercussions. That dismissal operates in the same manner as a dismissal with prejudice where Plaintiff is barred by the applicable statutes of limitations from bringing the same claims again. *See, e.g.*, *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (finding that because a Rule 41(b) dismissal without prejudice of an employment discrimination suit did not toll the 90–day limitations period for filing suit, and the plaintiff would be barred by limitations from filing a second suit, the dismissal operated, and would be treated, as a dismissal with prejudice); *Morgan v. Grande Comm'ns Network, LLC*, No. 3:12-CV-5197-N, 2014 WL 3706620, at *3 (N.D. Tex. July 25, 2014) (dismissing with prejudice pursuant to Rule 41(b) because dismissing without prejudice would have the same effect because the claims would be barred by the applicable statute of limitations); *see also Montelongo v. Soc. Sec. Admin.*, No. 3:15-CV-2419-M-BN, 2015 WL 6736794, at *2 (N.D. Tex. Oct. 7, 2015), *adopted*, 2015 WL 6742103 (N.D. Tex. Nov. 2, 2015) (citing *Esgar v. Colvin*, No. CIV–14–1172–HE, 2015 WL 588559, at *3 (W.D.Okla. Feb. 11, 2015) (Where a dismissal without prejudice may subject any subsequent complaint filed by a plaintiff to a statute of limitations defense, such "a dismissal . . . could be equivalent to a dismissal with prejudice.").

## IV.  CONCLUSION

Based on the foregoing, the Commissioner's motion for judgment on the pleadings (Dkt. Nos. 22) is **GRANTED**, and the Commissioner's decision will be **AFFIRMED** by separate judgment.

**SO ORDERED** on October 6, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE